## Sipes v. Commonwealth.

(Decided March 23, 1926.)

### Appeal from Breckinridge Circuit Court.

1. Criminal Law—Fact that Statements of State's Witness were Contradictory Held Not to Make Refusal to Direct Acquittal Error.—Fact that statements of state's witness were contradictory, and that force of his incriminating evidence was much lessened on cross-examination, did not make refusal to direct acquittal error.

2. Homicide.—Evidence held insufficient to support conviction for manslaughter.

GUS BROWN for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—
Reversing.

The defendant Sipes was convicted of manslaughter and sentenced to seven years' confinement in the penitentiary for killing John Frank. At the time they with two others were playing poker on the ground before a wood fire under a cliff and seemingly were good friends.

The witnesses agree that the difficulty grew out of decedent's withdrawal of a twenty-dollar bill after he had bet it and while defendant was considering whether he would call or raise the bet. They further agree, except as hereafter noted, that decedent after picking up the twenty-dollar bill, got up, drew his knife, called defendant an insulting name, accused him of cheating and, as he attempted to get up either pushed or struck him with his left hand while he had the open knife in his right hand drawn back as if about to strike with it.

The single exception referred to above is the direct examination of the Commonwealth's witness, Horace Compton, who was a participant in the poker game and who admitted that at the time of the trial he was unfriendly toward the defendant. His testimony is most peculiar. That which he gave upon his direct examination and in answer to more or less leading questions by the Commonwealth's attorney, considered alone is sufficient to make out a case of manslaughter against the defendant; but this witness upon his cross-examination admitted the facts to be as above recited and in addition that decedent had defendant by the throat and the latter before stabbing him said, "Turn me loose" and "Take him off;" and that after the encounter defendant had two small cuts on the side of his neck just below the left ear that were not there before the difficulty. In short and in substance this witness alone on his direct examination made out a case of manslaughter but his evidence on cross-examination as well as all the other evidence in the case proved self-defense.

The chief insistence of counsel for appellant is that Compton's incriminating evidence upon direct examination was wholly destroyed by his exculpating admissions on cross-examination and that as a consequence there was in fact no evidence of guilt and the court erred in refusing to direct an acquittal. That the argument is not without much force is apparent, but counsel is clearly in error we think in the assumption that it is conclusive

upon the court and as a matter of law.    It is as much
the province of the jury to weigh contradictory state-
ments by a single witness to determine the probative
value of his evidence as a whole as it is to weigh such
statements made by different witnesses in order to eval-
uate the whole evidence in the case.

We are, therefore, of the opinion that the court did
not err in refusing to direct an acquittal, but we are of
the opinion that the verdict is flagrantly against the evi-
dence.    In order to sustain the verdict upon such evi-
dence it is necessary to reconcile in some way the seem-
ing inconsistencies in Compton's evidence, and this can
be done only upon the theory that defendant was no
longer in apparent danger when he stabbed decedent.
But as that theory is supported by surmise only and is
contradicted rather than supported by the evidence in
the record it must be rejected.    As for this reason the
judgment must be reversed we need not discuss appel-
lant's other complaints, which, however, have been ex-
amined and found without merit.

Wherefore, the judgment is reversed and the cause
remanded for another trial not inconsistent herewith.