## Sipes v. Commonwealth.

(Decided October 28, 1927.)

### Appeal from Breckinridge Circuit Court.

Homicide.—Evidence held insufficient to sustain conviction of manslaughter.

H. L. JAMES for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY. JUDGE DIETZMAN—Reversing.

This is the second appeal of this case. The opinion on the former appeal may be found in 213 Ky. 701, 281 S. W. 806. In that opinion we held that, although the testimony of the witness Compton necessitated a submission of this case to the jury, the verdict finding the appellant guilty was flagrantly against the evidence. On the trial from which this appeal is taken, the evidence was substantially the same as that in the former trial, except that Compton on cross-examination developed a good deal of forgetfulness and answered evasively what he had categorically answered when under cross-examination during the first trial. However, the admissions finally wrung from him on cross-examination at last brought his testimony in harmony with that which he had given on the former trial. There was one additional matter to which he testified at this time and about which he was peculiarly silent on his examination in the first trial. In this second trial he testified that, prior to the first trial, the appellant had sent for him and offered him $100 if he would swear that the appellant, at the time he killed Frank, was fighting in self-defense. Appellant denies this, and states that the witness endeavored to make the appellant pay him $100, in default of which he said that he would "swear against the appellant." In view of the silence of the witness Compton concerning this matter in the first trial and his own testimony, which, when taken as a whole, fits in with the other testimony in this case to the effect that the appellant killed Frank while acting in his self-defense, we are constrained to hold that this added matter is not enough to tip the scales, and that the verdict of the jury is still flagrantly

against the evidence; for which reason the judgment of the lower court is reversed, with instructions to grant the appellant a new trial herein.